FILED
United States Court of Appeals
Tenth Circuit

July 29, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

---

DANA L. GRAHAM SMITH,

    Petitioner - Appellant,

v.

PHIL MEYER, Warden, Wyoming
Department of Corrections Women's
Center,

    Respondent - Appellee.

No. 13-8037
(D.C. No. 2:12-CV-00114-SWS)
(D. Wyo.)

---

ORDER
DENYING CERTIFICATE OF APPEALABILITY

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Petitioner Dana Graham Smith seeks a certificate of appealability ("COA")

to appeal the district court's denial of her petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Graham Smith v. Meyer, 12-CV-114-SWS (D.

Wyo. Mar. 8, 2013) (Aplt. Br. Attach.). We deny her request and dismiss the

appeal.

In June 2009, state law enforcement sent a confidential informant wearing

a wire to Ms. Graham Smith's home to purchase methamphetamine. Graham v.

State, 247 P.3d 872, 873–74 (Wyo. 2011). She was subsequently charged with

delivery of methamphetamine (second or subsequent offense) in violation of Wyo.

Stat. Ann. §§ 35-7-1031(a)(I) and 35-7-1038. <u>Id.</u> at 873. Bobby Roberts was also present in Ms. Graham Smith's house during the buy, and she attempted to call him to testify on her behalf at trial. <u>Id.</u> at 874. The prosecution objected, raising concerns about Mr. Roberts's Fifth Amendment rights. Aplt. App. 149–50. When the court asked him, after giving a <u>Miranda</u> warning, whether he wished to proceed to testify, he stated, "I—I guess. I mean, I—I don't know what's—it's just—it's—I'm kind of confused what's going on here." <u>Id.</u> at 151. After the court further explained his options, Mr. Roberts concluded "I would like to have an attorney, speak with an attorney, if I could." <u>Id.</u> at 152. He then met with a public defender, and after lengthy colloquy with the attorneys regarding whether Mr. Roberts planned on invoking his Fifth Amendment right against self-incrimination, the court did not permit him to testify. <u>See</u> <u>Graham</u>, 247 P.3d at 874. Thereafter, Ms. Graham Smith was convicted, and the Supreme Court of Wyoming affirmed. <u>Graham</u>, 247 P.3d at 873. In particular, it found that Mr. Roberts "decided not to testify after consultation with his attorney," and that the trial court's exclusion of this testimony did not violate Ms. Graham Smith's rights. <u>Id.</u> at 876.

In her federal habeas petition, Ms. Graham Smith specifically took issue with two of the Wyoming Supreme Court's determinations. Aplt. App. 17. Ms. Graham Smith argued (1) the finding that Mr. Roberts decided not to testify was based on an unreasonable determination of the facts, and (2) the denial of relief

based upon the exclusion of Mr. Roberts's testimony (in violation of the Sixth and Fourteenth Amendments) was contrary to federal law. Id. at 17–18. The district court denied the petition. Graham Smith, 12-CV-114-SWS at 20–21. It held that the state court resolution of these claims was not "contrary to, or [did not] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor were they "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Graham Smith, 12-CV-114-SWS at 20.

In order for this court to grant a COA, Ms. Graham Smith must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Where, as here, the district court rejected Ms. Graham Smith's constitutional claims on the merits, she must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Neither of Ms. Graham Smith's arguments meet these standards. First, factual determinations of the state court are presumed correct, and Ms. Graham Smith has the burden of rebutting the presumption of correctness by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1).  The district court concluded she failed to do so, and this conclusion is not reasonably debatable.  Ms. Graham Smith argues that Mr. Roberts's lawyer indicated that Mr. Roberts would prefer not to testify but recognized that he was a subpoenaed witness and could be forced to do so.  Aplt. Br. 21–25.  But she makes no showing that the Wyoming Supreme Court's conclusion that Mr. Roberts "decided not to testify after consultation with his attorney" is factually incorrect.  See Graham, 247 P.3d at 876.  Ms. Graham Smith places great emphasis on the facts that (1) Mr. Roberts first said he would testify and (2) the court and counsel had a discussion exploring what his testimony might be.  Aplt. Br. 22–24.  But these facts in no way undercut the finding that Mr. Roberts did consult with an attorney and the attorney expressed great trepidation whether Mr. Roberts could testify without invoking the Fifth Amendment.  In fact, Mr. Roberts's lawyer's final indication to the court was that "he's going to have to take the Fifth."  Aplt. App. 162.

Second, Ms. Graham Smith correctly argues that she has a clearly established right to present witnesses to establish a defense.  Aplt. Br. 25–29 (citing, e.g., Chambers v. Mississippi, 410 U.S. 284 (1973); Washington v. Texas, 388 U.S. 14 (1967)).  She contends that the state trial court did not make a decision based upon actual questions that might be asked of Mr. Roberts or weigh the interests involved.  Id. at 31.  Rather, she argues, the court simply succumbed to the fears of the prosecutor that Mr. Roberts would claim the privilege.  Id. at

34. As the district court concluded, however, a defendant does not have the right to call a witness knowing that the witness will assert his Fifth Amendment privilege against self-incrimination. Graham Smith, 12-CV-11-SWS at 15 (citing United States v. Crawford, 707 F.2d 447, 449 (10th Cir. 1983)). The decision to allow such a witness to testify is in the discretion of the trial court. Id. at 15–16 (citing United States v. Hart, 729 F.2d 662, 670 (10th Cir. 1984); United States v. Kerr, 711 F.2d 149, 152 (10th Cir. 1983)). Again, Ms. Graham Smith failed to convince us the district court's conclusion is reasonably debatable. Although she argues that any invocation of the Fifth Amendment privilege would have been limited, that is belied by the colloquy, and the state trial court's legal ruling, upheld by the appellate court, was a permissible exercise of discretion. Thus, she has pointed to no clearly established federal law, as established by the Supreme Court, to show her claims deserve encouragement to proceed any further. See Slack, 529 U.S. at 484.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge